IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER RUIZ | § | |
| on behalf of himself individually, | § | |
| and ALL OTHERS SIMILARLY | § | |
| SITUATED | § | Civil Action No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| J.S. SEPTIC SERVICES CORP | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. J.S. Septic Services Corp. does not pay its Drivers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, J.S. Septic Services Corp. pays its Drivers straight time, not time and a half, for overtime hours worked. Because these workers are employees under the FLSA, Javier Ruiz, and the other Drivers are entitled to recover unpaid overtime as well as other damages.

2. Defendant J.S. Septic Services Corp. is a domestic corporation with locations throughout Texas. J.S. Septic Services Corp may be served with process through its Registered Agent, Nicolasa Salas Bolanos at 2306 Bertrand Street Houston Texas 77093.

3. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-

principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant J.S. Septic Services Corp who maintained a uniform pay policy denying overtime wages to its Drivers and paying them only straight time for hours worked above forty each week.

5. Defendant J.S. Septic Services Corp is a Septic Services company that hired Plaintiff and issued his paychecks.

6. Defendant J.S. Septic Services Corp employed Plaintiff at its Texas location and managed Plaintiff throughout the course and scope of his employment.

7. Putative class members are all similarly situated Drivers hired by J.S. Septic Services Corp and were paid straight time instead of time and a half for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

10. Javier Ruiz worked for J.S. Septic Services Corp as a Driver. His written consent is attached.

11. Plaintiff was hired by J.S. Septic Services Corp and employed by Defendant at its Houston Texas location. The type of work performed by plaintiff was

consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

12. The "FLSA Class Members" are all Drivers who were employed by J.S. Septic Services Corp, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

13. Javier Ruiz was an employee of J.S. Septic Services Corp and employed by J.S. Septic Services Corp at its location in Houston, Texas.

14. Javier Ruiz was not an independent contractor.

15. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Javier Ruiz time and a half for the hours worked past forty (40) each week while employed by defendant.

16. J.S. Septic Services Corp paid Plaintiff Javier Ruiz straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

17. Javier Ruiz was employed by Defendants as a Driver from November 2016 to present.

18. The work performed by Plaintiff was the primary type of work that the company provides for its customers.

19. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

20. Plaintiff's job duties include but are not limited to driving a company truck denoting a drainage system and incorporating a septic tank from commercial and residential sites.

21. Plaintiff and putative class members. relied on Defendant for their work.

22. J.S.. Septic Services Corp. determined where it's Drivers worked and how they performed their duties.

23. J.S.. Septic Services Corp. Set Drivers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

24. Plaintiff and putative class members work exclusively for Defendant since they work 11 hours a day, as a practical matter, they cannot work anywhere else.

25. J.S.. Septic Services Corp.'s Drivers are not permitted to hire other workers to perform their jobs for them.

26. The Drivers do not employ staff, nor do they maintain independent places of business.

27. Drivers employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by J.S.. Septic Services Corp. each day.

28. The Drivers employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by J.S.. Septic Services Corp. J.S.. Septic Services Corp. pays Drivers in return for their labor.

29. J.S.. Septic Services Corp. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

30. J.S.. Septic Services Corp. keeps records of the hours it instructed its Drivers to work. It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant

paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

33. In addition to Javier Ruiz, defendant employed dozens of other Drivers in the three year period preceding the filing of this lawsuit. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies. The FLSA Class Members are similarly situated to Javier Ruiz.

34. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Drivers who work(ed) for J.S.. Septic Services Corp. while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

35. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, J.S.. Septic Services Corp. violated the FLSA.

36. JS Septic Services owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

37. J.S. Septic Services Corp knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

38. J.S. Septic Services Corp owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

39. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**